UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF LOUISIANA

IN RE:

PATRICIA A. YOUNG  CASE NO. 12-11509
DEBTOR  CHAPTER 13

## MEMORANDUM OPINION

The standing chapter 13 trustee has moved to dismiss[1] debtor Patricia A. Young's case for failure to complete plan payments. Specifically, the debtor failed to make thirty-nine post-petition mortgage payments, which the trustee learned only after the debtor had completed her payments to the trustee. The debtor responds that she is not in default of her post-petition mortgage obligation because she secured a mortgage modification relieving her of the consequences of failing to make those payments. The issue is whether the debtor remains eligible for a discharge in light of the Fifth Circuit's ruling in *Matter of Kessler*.[2]

Because the debtor may seek to modify her plan, the trustee's motion will be denied without prejudice as premature.

## FACTS AND PROCEDURAL BACKGROUND

Patricia Young filed a chapter 13 petition in October 2012. The debtor committed in her confirmed[3] 60-month plan[4] to make mortgage payments directly to her mortgage lender's servicer. The debtor completed payments to the trustee on September 13, 2016 and the last remaining unsecured creditor notified the trustee that its claim had been paid in full in December

---

[1] Motion to Dismiss Case [P-69].

[2] *Kessler v. Wilson* (*Matter of Kessler*), 655 Fed. Appx. 242 (5th Cir. 2016).

[3] Order Confirming Chapter 13 Plan, [P-38].

[4] First Amended Chapter 13 Plan [P-34].

2016. Shortly afterward the trustee filed a Notice of Final Cure Payment.[5] The mortgagee's servicer responded that the debtor had not made thirty-nine post-petition mortgage payments totaling $30,378.21, a sum the debtor corroborated.[6]

The trustee has moved to dismiss the chapter 13 case on the basis of the debtor's plan defaults, arguing in memoranda that *Kessler* bars the debtor's discharge.[7] The trustee consented to several continuances of the hearing on her motion to dismiss, during which time the debtor was able to persuade the mortgage lender to modify the loan to forgive $26,279.72 of outstanding principal, in an agreement the court eventually approved.[8]

The debtor contends that because she has paid all the claims of creditors other than her mortgagee, who agreed to modify the mortgage loan so that she no longer is in default, the case should not be dismissed and she should receive a discharge. Alternatively, she urges the court to deny a discharge only of the mortgage creditor's claim but to grant a discharge of the debtor's debts to all other creditors.[9]

## ANALYSIS

### DIRECT MORTGAGE PAYMENTS ARE PAYMENTS "UNDER THE PLAN"

The debtor's confirmed first amended plan required her to pay $841.18 monthly directly[10] to her mortgage lender.[11] In addition to those payments, Ms. Young's plan required her to pay

---

[5] January 31, 2017 Trustee's Notice of Final Cure Payment [P-65].

[6] Debtor's Motion to Approve Mortgage Modification [P-72, ¶2].

[7] Memorandum in Support of Trustee's Motion to Dismiss, *passim* [P-95].

[8] June 22, 2017 Order Granting Amended Motion to Approve Mortgage Modification [P-93].

[9] Debtor's Brief in Opposition to Trustee's Motion to Dismiss Case, p.3 [P-90].

[10] First Amended Chapter 13 Plan at (B)(3)(A), p.2 [P-34].

the chapter 13 trustee $590 every month, from which her mortgagee would receive $76.25 to satisfy pre- and post-petition mortgage arrears and fees totaling $4,618.86.[12]

Bankruptcy Code section 1328(a) provides for the discharge of debts "after completion by the debtor of all payments under the plan." The debtor's direct post-petition mortgage payments are "payments under the plan."[13] *Kessler* teaches that her failure to make those payments, alone, prevents the debtor from receiving a discharge and would support dismissal.

But the debtor is not without recourse if she still may modify her plan to incorporate the mortgage loan modification. *See* 11 U.S.C. §1329(b)(2) ("The plan as modified becomes the plan unless … such modification is disapproved.") The question then is whether the debtor may seek to modify her plan at this point in her chapter 13 case.

## PLAN MODIFICATION

A debtor's failure to make thirty-nine mortgage payments that a confirmed chapter 13 plan requires undoubtedly constitutes a material default under the plan.[14] A confirmed plan balances rights and obligations by requiring a chapter 13 debtor to commit future earnings and income to pay her creditors for the applicable commitment period. The plan payment depends on both the debtor's income and expenses;[15] any combination of the two may reduce the amount available to pay the claims of creditors. A debtor's housing expense—here, a mortgage

---

[11] The confirmed plan identifies the mortgage lender as GMAC but after confirmation GMAC transferred the note to Ocwen [Transfer of Claim form, P-54], which then negotiated it to Bank of New York Mellon [Transfer of Claim form, P-58].

[12] First Amended Chapter 13 Plan at (B)(3)(A)(2), p.2 [P-34].

[13] *In re Foster*, 670 F.2d 478, 488 (5th Cir. 1982).

[14] *In re Heinzle*, 511 B.R. 69, 83 (Bankr. W.D. Tex. 2014) (holding meritless "Debtors' assertion that the failure to make mortgage payments in the amount of $33,467.32 was not a material default under the plan ….")

[15] 11 U.S.C. §1325. *See also In re Devilliers*, 358 B.R. 849, 858 (Bankr. E.D. La. 2007)("[T]he Court is required to consider not only a debtor's historical income and expenses, but also his or her anticipated income and expenses when confirming a plan.")

payment—is taken into account in determining the debtor's disposable income, and therefore the plan payment.

The chapter 13 trustee, creditors and the court considered the proposed plan and its payment based in part on Ms. Young's expenses, including her mortgage payment. Because she did not make all her mortgage payments falling due post-petition, Ms. Young dissipated money that otherwise should have gone to prepetition creditors, including her mortgage creditors. On other facts, this alone would have supported dismissal of her case. But no party disputes that Ms. Young paid all prepetition creditors other than the mortgagee in full.

Ms. Young's salvation lies in 11 U.S.C. §1329(a) which provides in part:

> (a) At any time after confirmation of the plan *but before the completion of payments under such plan*, the plan may be modified, upon request of the debtor, the trustee, or the holder of an allowed unsecured claim, to--
> (1) increase or reduce the amount of payments on claims of a particular class provided for by the plan;
> (2) extend or reduce the time for such payments;
> (3) alter the amount of the distribution to a creditor whose claim is provided for by the plan to the extent necessary to take account of any payment of such claim other than under the plan; or
> (4) reduce amounts to be paid under the plan by the actual amount expended by the debtor to purchase health insurance[.]
> (emphasis added)

The trustee contends that the debtor completed her plan payments as of month fifty-three and may not now modify the plan.  11 U.S.C. §1329(a) ("At any time after confirmation of the plan but before the completion of payments under such plan, the plan may be modified ….")  But Ms. Young has not completed payments under the plan, given her failure to have made all mortgage payments required before the mortgagee modified the loan.  Accordingly the debtor is not precluded from now seeking to modify her plan.[16]

The reasoning of a sister court considering debtors' attempt to obtain a discharge after defaulting post-petition on their mortgage bears quoting at length:

> [T]he Debtors in this case realized that decisional authority such as *Kessler* and *Heinzle*—if followed by this court—would lead to a conclusion that the Debtors would not be entitled to a discharge. However, the literal wording of section 1329(a) of the Bankruptcy Code permits plan modification "at any time after confirmation of the plan ***but before completion of payments under such plan.***"  At first blush, it might seem undeniably too late to modify a plan here, since the 60–month term of the plan has now elapsed.  Section 1329(c) of the Bankruptcy Code states that a "plan modified under this section may not provide for payments over a period that expires after the applicable commitment period ... unless the court, for cause, approves a longer period, ***but the court may not approve a period that expires after five years after such time***."  The Debtors nevertheless argue that the Proposed Plan Modification might still be pursued here, since there has not been "completion of payments" under their plan (as ***In re Kessler, In re Heinzle***, and now this court have so held).  Moreover, since the Debtors are moving to modify their plan to simply surrender the Homestead to Ocwen, the Proposed Plan Modification would not involve "payments" over a period of time that expires after five years after the time that the first payment under the original confirmed plan was due.  The court believes the Debtors are technically, partially correct, that there might be a way to "fix" a problem such as the one in the case at bar—so long as the "fix" does not involve extending ***plan payments, per se,*** over a period of more than five years.[17]

---

[16] "Modification is based on the premise that, during the life of the plan, circumstances may change, and parties should have the ability to modify the plan accordingly." *Matter of Meza*, 467 F.3d 874, 877 (5th Cir. 2006).

[17] *In re Ramos*, 540 B.R. 580, 589–90 (Bankr. N.D. Tex. 2015) (emphasis in original).

Although *Ramos* addressed a debtor's ability to modify a confirmed plan to surrender real property to satisfy the defaulted obligation, the court's reasoning applies equally here. Unlike the *Ramos* debtors, Ms. Young is not at the end of her plan period. Time remains for her to modify the confirmed plan to account for the approved loan modification that cured the post-petition arrearages.[18]

Chapter 13 debtors often default on their mortgages and other secured debt they pay directly. *Kessler* notwithstanding, a default that is cured before completion of the plan should not, without more, be fatal to a debtor's discharge if the debtor can cure the default timely. The debtor's loan modification cures the default as surely as if the debtor had made the missing payments timely. *Compare In re Gonzales*[19]. The *Gonzales* debtors moved for entry of discharge despite having defaulted on post-petition mortgage payments.[20] The court held that the debtors were entitled to a discharge despite their default[21] when before the sixtieth month of the plan, they paid the post-petition arrears in a lump sum in compliance with an agreed order entered after the chapter 13 trustee's notice of plan completion.

The effect of Ms. Young's loan modification is essentially the same. The sole creditor affected by her default has agreed to other terms for its payment and all other creditors have been paid in full. Dismissal and resulting loss of a discharge on this record is not inevitable provided

---

[18] *Matter of Meza*, 467 F.3d 874, 880 (5th Cir. 2006) ("Section 1329(a) provides a plan may be modified 'upon request' and 'before the completion of payments'; but, § 1329(b)(2) provides that the modified plan '*becomes the plan* unless, after notice and a hearing, such modification is disapproved.' (Emphasis added.) Read together, both subsections show that, when a modification request is timely filed, the completion of the plan and eventual discharge of the debtor is stayed until the bankruptcy court is allowed to consider the modification on its merits.")

[19] 2017 WL 2189562 (Bankr. S.D. Tx. 2017).

[20] *Id.* at *7.

[21] "Debtors completed all payments under the Plan within the 60 month term. Accordingly, Debtors are eligible for a discharge under § 1328(a)." *Id.* at *7.

the debtor can modify her plan to incorporate the mortgage loan modification, which necessarily requires her to satisfy 11 U.S.C. §1329(a).

## CONCLUSION

The debtor breached requirements of her confirmed plan to make monthly payments directly to her mortgage lender but paid all other creditors in full before obtaining a modification of the mortgage loan. Dismissal is not an appropriate remedy where the debtor has paid all unsecured claims in full if the debtor is able to modify her confirmed plan to account for the loan modification and fulfil other requirements for a discharge under 11 USC §1328.

The trustee's motion to dismiss is denied without prejudice.

Baton Rouge, Louisiana, September 19, 2017.

**s/ Douglas D. Dodd**
DOUGLAS D. DODD
UNITED STATES BANKRUPTCY JUDGE